**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION a Texas reciprocal inter-insurance exchange,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a national banking association,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:18-cv-00366<br><br>JURY TRIAL DEMANDED |

---

**COMPLAINT**

---

Plaintiff United Services Automobile Association ("USAA"), by its undersigned counsel, for its Complaint against defendant Wells Fargo Bank, N.A. ("Wells Fargo"), states as follows, with knowledge as to its own acts, and on information and belief as to the acts of others:

**I.    THE PARTIES**

1.    Plaintiff USAA is a reciprocal interinsurance exchange and unincorporated association organized under the laws of the State of Texas having its principal place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288.  The USAA family of companies is dedicated to the financial well-being of members of the military and their families through the provision of insurance, banking, investment, and retirement products and services.  USAA does business in this judicial district, and through its website at www.usaa.com and USAA Mobile smartphone applications.

2.      On information and belief, Wells Fargo is a national banking association organized under the laws of the United States of America.  Wells Fargo does business throughout the United States, including in this judicial district.

## II.      JURISDICTION AND VENUE

3.      Subject matter jurisdiction is based on 28 U.S.C. § 1338, in that this action arises under federal statute, the patent laws of the United States (35 U.S.C. §§ 1, *et seq*.).

4.      The Court has personal jurisdiction over Wells Fargo because it has substantial, systematic and continuous contacts with this judicial district.  Wells Fargo has a regular and established place of business in the State of Texas and in the Eastern District of Texas, including operating hundreds of bank branches and ATMs in Texas and numerous bank branches and ATMs in this judicial district, and conducts business with customers residing in this judicial district both through its bank branches and ATMs and its online and mobile banking services.  Wells Fargo has committed acts of patent infringement and, as detailed below, contributed to or induced acts of patent infringement by others in this judicial district and elsewhere in Texas.  Wells Fargo is registered to do business in Texas and maintains an agent authorized to receive service of process within Texas.

5.      Venue is proper under 28 U.S.C. § 1400(b) because Wells Fargo has committed acts of infringement and maintains a regular and established place of business in this judicial district.

## III.      ONGOING LITIGATION

6.      There another patent infringement case pending against Wells Fargo, Case No. 2:18-cv-00245-JRG, which was filed on June 7, 2018.  The two suits involve distinct patent families with distinct specifications and distinct priority dates.  Indeed, two of the patents asserted in the instant complaint did not even issue until after the earlier case was filed.

## IV.    FACTUAL ALLEGATIONS

### The USAA Patents-in-Suit

7.      USAA is the assignee of all right, title, and interest in U.S. Patent Nos. 9,224,136 (the "'136 Patent"), 8,392,332 (the "'332 Patent"), 10,013,681 (the "'681 Patent"), 8,708,227 (the "'227 Patent"), and 10,013,605 (the "'605 Patent") (collectively referred to as the "USAA Patents" in this Complaint).  The USAA Patents arose from years of research and development of remote check deposit technologies by engineers in USAA's Innovation Lab.

### The '136, '332, and '681 Patents

8.      The '136 Patent, '332 Patent, and '681 Patent, entitled "Systems and methods for remote deposit of checks," were invented by Charles Lee Oakes III, Randy Ray Morlen, Bharat Prasad, and Troy Bartlette Huth.  The patents are, generally speaking, directed to improved computing systems that enable commercially-viable remote check deposit systems, including those used today by Wells Fargo, for example, by determining and validating the routing number on a check, converting the file format of a check image, generating a log file containing useful information about the check or its image, and/or assisting the user in taking a high-quality check image, for example by instructing the user regarding the proper distance away from the check to hold the camera.  The addition of these systems to remote check deposit systems dramatically increases the efficiency and performance of remote check deposit systems.  Below is a figure from the patents.



9.      The '136, '332, and '681 Patents describe systems and methods for "remotely redeeming a negotiable instrument."  The systems and methods taught by the '136, '332, and '681 Patents solve discrete, technological problems associated with computing systems used as part of capturing images of checks for deposit on mobile devices, representing new, novel and useful improvements over the existing and/or patentably distinct means and methods.  For example, a "log file" may be generated comprising information such as the check image and information identifying the user's device and camera.  As another example, information from the check, such as the routing number or check amount, may be determined using optical character recognition and validated.  As another example, a "graphical illustration" may be displayed to assist the user in capturing high-quality check images, or the user may be provided with instructions, for example regarding the proper distance to hold the camera from the check.  The systems and methods taught by the '136, '332, and '681 Patents provide improved functionality over conventional techniques used in prior art systems, resulting in an improved user interface for the customer's mobile device, including, for example, improving the quality of captured check images by using the mobile device's display and camera systems to provide instructions to the user while the user is

attempting to capture check images, including to help the user place the camera at the proper distance away from the check to capture valid check images for depositing, improving the efficiency of the banking computer systems and the mobile electronic devices used for remote check depositing, and helping to make remote check deposit systems commercially viable by reducing error rates and  improving security, for example through validation of check information and error detection prior to depositing, and logging of information related to the check, such as an image of the check in a particular file format, or identification information regarding the user or the mobile device.  The patents' improvements to mobile check depositing systems are further described in their specifications.

The '227 and '605 Patents

10.    The '227 Patent, entitled "Systems and methods for remote deposit of checks," and the '605 Patent, entitled "Digital camera processing system," were invented by Charles Lee Oakes, III, Randy Ray Morlen, Michael Frank Morris, Reynaldo Medina, III, Greg Alan Harpel, Gabriel Glenn Gavia, Bharat Prasad, Frank Kyle Major, and Jeffrey Neal Pollack.  The patents are, generally speaking, directed to improved computing systems that enable commercially-viable remote check deposit systems, including those used today by Wells Fargo, for example, by determining and validating check information, including, for example, the written check amount or the routing number, converting the file format of a check image, generating a log file containing useful information about the check or its image, and/or assisting the user in taking a high-quality check image, for example by instructing the user regarding positioning or orientation of the check with respect to the camera.  The addition of these systems to remote check deposit systems dramatically increases the efficiency and performance of remote check deposit systems.  Below is a figure from the patents.



11.     The '227 Patent and '605 Patent describe systems and methods for "remote deposit of checks."  The systems and methods taught by the '227 and '605 Patents solve discrete, technological problems associated with computer systems used as part of capturing images of checks for deposit using mobile devices, representing new, novel and useful improvements over the existing and/or patentably distinct means and methods.  For example, a "log file" may be generated comprising information such as a bi-tonal image of the check.  As another example, information from the check, such as the routing number or check amount, may be determined using optical character recognition and validated.  As another example, instructions may be provided to the user in order to assist the user in capturing high-quality check images, or the user may be provided with instructions, for example regarding the proper positioning or orientation of the check with respect to the camera.  The systems and methods taught by the '227 and '605 Patents provide improved functionality over conventional techniques used in prior art systems,

resulting in an improved user interface for the customer's mobile device, including, for example, improving the quality of captured check images by using the mobile device's display and camera systems to assist the user in capturing check images with the proper orientation for processing, improving the efficiency of the banking computer systems and mobile electronic devices used for remote check depositing, and helping to make remote check deposit systems commercially viable by reducing error rates and rejected deposits, for example through confirmation of various check information, and by improving the customer experience, for example by providing a novel user interface for mobile check deposit that aids the user in taking check images and successfully depositing checks remotely.  The patents' improvements to mobile check depositing systems are further described in their specifications.

### Wells Fargo's Infringement

12.     Wells Fargo is one of the largest banks in the world with a substantial presence in mobile banking, including over 21 million active mobile banking users as of February 2018.

13.     Wells Fargo's remote deposit capture systems, including but not limited to *Wells Fargo Mobile®* Deposit, infringe the USAA Patents.  In this Complaint, Wells Fargo's remote deposit capture systems, including but not limited to the *Wells Fargo Mobile®* Deposit system, and any other infringing instrumentalities that include similar functionality, are referred to generally as "Wells Fargo Mobile Deposit."

14.     Wells Fargo's use of the USAA Patents is not licensed or authorized by USAA in any way.  USAA has not licensed any of the USAA patents to Wells Fargo.

15.     On information and belief, Wells Fargo released its Wells Fargo Mobile Deposit product to customers years after USAA had already implemented and released its Deposit@Mobile® service to widespread adoption.  At the time, the head of Wells Fargo's retail mobile channel in its Internet services group remarked that mobile deposit was "the service our mobile customers request most often" with "a lot of demand."  Exhibit 6.

16.     Wells Fargo Mobile Deposit allows Wells Fargo customers to deposit checks using their mobile devices, such as smartphones.  Through its website, for example, Wells Fargo encourages its customers to avoid "a trip to the branch" by depositing checks using Wells Fargo Mobile Deposit, touting the system's convenience, simplicity, and ease of use:



17.     Wells Fargo also promotes Wells Fargo Mobile Deposit with video advertisements, including, for instance, to bank customers while they are waiting for service at bank branches. Wells Fargo further promotes Wells Fargo Mobile Deposit to customers using Wells Fargo ATMs.

18.     Wells Fargo Mobile Deposit is incorporated into the "Wells Fargo Mobile" iPhone and Android applications, where it is highlighted as a major feature in the applications' descriptions.  According to the Google Play Store, Wells Fargo Mobile has been downloaded over 10 million times on Android devices.  Exhibit 7.  Wells Fargo Mobile for iPhone is similarly popular, ranking #8 on the iTunes App Store's Finance category (and fourth among bank applications).  Exhibit 8.

19.     Wells Fargo Mobile Deposit allows customers to deposit checks remotely by identifying an account for deposit, entering the dollar amount of the deposit, and taking photographs of the front and back sides of the check for deposit, all using the customer's mobile

device as instructed by Wells Fargo, as shown, for example, by the sequence of screenshots below

from Wells Fargo's website:







20.     Wells Fargo has taken advantage of USAA's pioneering efforts in mobile deposit technologies by incorporating – without permission – USAA's technological innovations into its Wells Fargo Mobile Deposit system.  For example, Wells Fargo Mobile Deposit includes features that were invented, developed, and released to customers years earlier by USAA, such as graphical illustrations and instructions to assist the customer in orienting the camera and taking high-quality, legible photographs, as illustrated, for example, by the screenshot below from Wells Fargo's website:



21.     As another example, Wells Fargo Mobile Deposit will recognize the routing number from the check image and validate the number, including, for example, instructing the customer to retake the check image if the routing number is not visible.

22.     USAA recognizes that the advent of mobile check deposit has revolutionized the consumer banking experience, with considerable benefits for both banks and customers.  But it is improper for Wells Fargo to use, without permission, patented technologies that USAA has spent immense resources to invent, develop, implement, and perfect.  In view of the foregoing, before involving this Court in this matter, USAA approached Wells Fargo, for example in August 2017, and engaged in good faith negotiations regarding "USAA's Remote Deposit Capture (RDC) patents."  Wells Fargo, however, has not obtained a license to any of the USAA Patents and continues to profit by providing its infringing mobile deposit service to millions of Wells Fargo customers without USAA's permission and without any compensation to USAA.

## V.     FIRST CLAIM FOR RELIEF – '136 PATENT

23.     USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

24.     The '136 Patent, entitled "Systems and methods for remote deposit of checks," was duly and legally issued on December 29, 2015.  A true and correct copy of the '136 Patent is attached as Exhibit 1.

25.     The '136 Patent has been in full force and effect since its issuance.  USAA owns by assignment the entire right, title and interest in and to the '136 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.  USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '136 Patent, including, for example, Claim 1, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit.  For example, on information and belief, Wells Fargo Mobile Deposit: is a system comprising a software application installed on a mobile device, such as a customer's smartphone, having a memory and a processor configured to run the software application; receives an account identification number, check amount indication, and a check image captured by a camera; validates the routing number for the check image; and initiates a check deposit for the check image.

26.     For example, Wells Fargo Mobile Deposit comprises a system accessible through Android or iPhone smartphones:



27.     The Wells Fargo Mobile Deposit system uses the capabilities of the customer's smartphone to provide remote check depositing functionality:



28.     Wells Fargo Mobile Deposit receives, from the user, an indication of the amount of the check and the account into which the check is to be deposited:



29.     Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:



30.    Wells Fargo Mobile Deposit determines a routing number for the check image using optical character recognition and initiates a check deposit for the check image after, among other things, validating the routing number:



31.    Wells Fargo has had actual knowledge of its infringement of the '136 Patent since at least the time of service of this Complaint, and continues to infringe the '136 Patent notwithstanding that knowledge.  USAA is further informed and believes that Wells Fargo has had actual knowledge of its infringement of the '136 Patent since before the time of service of this

Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its pioneering technological developments in mobile deposit; USAA has marked its products with notices regarding the '136 Patent; USAA and Wells Fargo are competitors in the same industry and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to investigate USAA's patents on the technologies; and USAA has approached Wells Fargo regarding licensing of USAA's mobile deposit patents. To the extent that Wells Fargo lacked knowledge of its infringement of the '136 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of a need to license USAA's remote deposit capture (RDC) patents of which the '136 Patent is an integral part, and, on information and belief, Wells Fargo's knowledge of USAA's Deposit@Home® and Deposit@Mobile® products.

32.     Wells Fargo actively encourages, directs, and controls third parties, including its customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including through Wells Fargo's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions. On information and belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo Mobile applications to Android and iPhone users, respectively.

33.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this Complaint, Wells Fargo is inducing infringement of the '136 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile Deposit in or from the United States, without license or authority from USAA, with knowledge of

or willful blindness to the fact that Wells Fargo's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '136 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or have a high probability of infringing the '136 Patent, with the specific intent that those performing the acts infringe the '136 Patent.

34.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this Complaint, Wells Fargo is contributorily infringing the '136 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for use in infringing the '136 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '136 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

35.     USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '136 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

36.     As a result of Wells Fargo's infringement of the '136 Patent, USAA has been damaged.  In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA.  USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

37.     USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '136 Patent has been and continues to be deliberate and willful, and, therefore,

this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285.  As noted above, Wells Fargo has had knowledge of the '136 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights.  Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '136 Patent.

## VI.     SECOND CLAIM FOR RELIEF – '332 PATENT

38.     USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

39.     The '332 Patent, entitled "Systems and methods for remote deposit of checks," was duly and legally issued on March 5, 2013.  A true and correct copy of the '332 Patent is attached as Exhibit 2.

40.     The '332 Patent has been in full force and effect since its issuance.  USAA owns by assignment the entire right, title and interest in and to the '332 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.

41.     USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '332 Patent, including, for example, Claim 1, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit.  For example, on information and belief, Wells Fargo Mobile Deposit: implements a method for processing a check deposit, comprising, through a processor: receiving a customer identification of an account for deposition; receiving a first image of a front side of a check in a first file format from a customer's mobile device; creating a second image of the front side of the check by converting the first image into a

second file format; and generating a log file comprising the second image and an identification of the customer's mobile device and its camera.  As another example, on information and belief, Wells Fargo Mobile Deposit is a system comprising a software application installed on a mobile device, such as a customer's smartphone, comprising instructions being executed by a processor of the mobile device to: receive a customer identification of an account for deposition; receive a first image of a front side of a check in a first file format from a customer's mobile device; create a second image of the front side of the check by converting the first image into a second file format; and generate a log file comprising the second image and an identification of the customer's mobile device and its camera.

42.     For example, Wells Fargo Mobile Deposit comprises a system accessible through Android or iPhone smartphones:





43.     As discussed previously, the Wells Fargo Mobile Deposit system uses the capabilities of the customer's smartphone to provide remote check depositing functionality:



44.     Wells Fargo Mobile Deposit receives, from the user, an indication of the amount of the check and the account into which the check is to be deposited:



45.     Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:



46.     Wells Fargo Mobile Deposit initiates a check deposit for the check image:



47.     Wells Fargo Mobile Deposit, as part of the deposit process, creates a second image of the check images in a second file format, such as, for example, a bi-tonal Tag Image File Format (TIFF) format and generates a log file for the deposit comprising, among other things, the created second image and an identification of the customer's mobile device and its camera.

48.     Wells Fargo has had actual knowledge of its infringement of the '332 Patent since at least the time of service of this Complaint, and continues to infringe the '332 Patent notwithstanding that knowledge.  USAA is further informed and believes that Wells Fargo has had actual knowledge of its infringement of the '332 Patent since before the time of service of this Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its pioneering technological developments in mobile deposit; USAA has marked its products with notices regarding the '332 Patent; USAA and Wells Fargo are competitors in the same industry and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to investigate USAA's patents on the technologies; and USAA has approached Wells Fargo

regarding licensing of USAA's mobile deposit patents. To the extent that Wells Fargo lacked knowledge of its infringement of the '332 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of a need to license USAA's remote deposit capture (RDC) patents of which the '332 Patent is an integral part, and, on information and belief, Wells Fargo's knowledge of USAA's Deposit@Home® and Deposit@Mobile® products.

49.     Wells Fargo actively encourages, directs, and controls third parties, including its customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including through Wells Fargo's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions. On information and belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo Mobile applications to Android and iPhone users, respectively.

50.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this Complaint Wells Fargo is inducing infringement of the '332 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile Deposit in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that Wells Fargo's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '332 Patent. USAA is further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or have a high probability of infringing the '332 Patent, with the specific intent that those performing the acts infringe the '332 Patent.

51.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this Complaint Wells Fargo is contributorily infringing the '332 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for use in infringing the '332 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '332 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

52.     USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '332 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

53.     As a result of Wells Fargo's infringement of the '332 Patent, USAA has been damaged.  In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA.  USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

54.     USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '332 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285.  As noted above, Wells Fargo has had knowledge of the '332 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights.  Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

55.     To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '332 Patent.

## VII.    THIRD CLAIM FOR RELIEF – '681 PATENT

56.     USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

57.     The '681 Patent, entitled "System and method for mobile check deposit," was duly and legally issued on July 3, 2018.  A true and correct copy of the '681 Patent is attached as Exhibit 3.

58.     The '681 Patent has been in full force and effect since its issuance.  USAA owns by assignment the entire right, title and interest in and to the '681 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.  USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '681 Patent, including, for example, Claim 1, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit.  For example, on information and belief, Wells Fargo Mobile Deposit: is a system for allowing a customer to deposit a check using the customer's own mobile device with a digital camera, the system configured to ask the customer to log in using a user name and password and including: a software application downloaded and installed on a mobile device, such as a customer's smartphone having a digital camera and camera software, where the software application causes the customer's mobile device to: instruct the customer to have the digital camera take photos of front and back sides of a check; display a graphical illustration to assist the customer in doing so, with the illustration assisting the customer in placing the digital camera a proper distance away from the check for taking the photos; present the photos of the check to the customer; confirm that the mobile check deposit can go forward after determining an amount of the check and reading a Magnetic Image Character Recognition (MICR) line using optical

character recognition; and transmit a copy of the check photos using a network and submit the check for mobile deposit in the bank.

59.    For example, Wells Fargo Mobile Deposit comprises a system accessible through Android or iPhone smartphones:



60.    As discussed above, the Wells Fargo Mobile Deposit system uses the capabilities of the customer's smartphone to provide remote check depositing functionality:



61.    Wells Fargo Mobile Deposit receives, from the user, an indication of the amount of the check and the account into which the check is to be deposited:



62.     Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:



63.     As illustrated in the above image, Wells Fargo Mobile Deposit projects a graphical illustration in the field of view of the camera to assist the user in capturing images of the check, including, for example, with respect to the orientation and positioning of the check relative to the camera.  Wells Fargo Mobile Deposit also provides graphical feedback to the customer, including, for example, indicating whether the customer should "Get closer" (e.g., move the device closer to the check) or "Hold steady" (e.g., hold the device in position).

64.     Wells Fargo Mobile Deposit presents the photos of the check to the customer after the photos are taken:



65.    Wells Fargo Mobile Deposit includes guidelines for taking photos that work best, including, for example, to "Place your check on a dark-colored, plain surface that's well lit," "Position your camera directly over the check (not at an angle)," and "Fit all 4 corners in the guides of your mobile device's camera screen."

66.    Wells Fargo Mobile Deposit submits the check for deposit after presenting the photos of the check to the user, which includes transmitting a copy of the photos over a wireless network:



67.     Wells Fargo has had actual knowledge of its infringement of the '681 Patent since at least the time of service of this Complaint, and continues to infringe the '681 Patent notwithstanding that knowledge.  USAA is further informed and believes that Wells Fargo has had actual knowledge of its infringement of the '681 Patent since before the time of service of this Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its pioneering technological developments in mobile deposit; USAA has marked its products with notices regarding the '681 Patent; USAA and Wells Fargo are competitors in the same industry and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to investigate USAA's patents on the technologies; and USAA has approached Wells Fargo regarding licensing of USAA's mobile deposit patents.  To the extent that Wells Fargo lacked knowledge of its infringement of the '681 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of

a need to license USAA's remote deposit capture (RDC) patents of which the '681 Patent is an integral part, and, on information and belief, Wells Fargo's knowledge of USAA's Deposit@Home® and Deposit@Mobile® products.

68.     Wells Fargo actively encourages, directs, and controls third parties, including its customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including through Wells Fargo's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions.  On information and belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo Mobile applications to Android and iPhone users, respectively.

69.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is inducing infringement of the '681 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile Deposit in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that Wells Fargo's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '681 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or have a high probability of infringing the '681 Patent, with the specific intent that those performing the acts infringe the '681 Patent.

70.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is contributorily infringing the '681 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by

supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for use in infringing the '681 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '681 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

71.    USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '681 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

72.    As a result of Wells Fargo's infringement of the '681 Patent, USAA has been damaged.  In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA.  USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

73.    USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '681 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285.  As noted above, Wells Fargo has had knowledge of the '681 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights.  Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

74.    To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '681 Patent.

## VIII.   FOURTH CLAIM FOR RELIEF – '227 PATENT

75.    USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

76.     The '227 Patent, entitled "Systems and methods for remote deposit of checks," was duly and legally issued on April 24, 2014.  A true and correct copy of the '227 Patent is attached as Exhibit 4.

77.     The '227 Patent has been in full force and effect since its issuance.  USAA owns by assignment the entire right, title and interest in and to the '227 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.  USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '227 Patent, including, for example, Claim 5, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit.  For example, on information and belief, Wells Fargo Mobile Deposit implements a method for facilitating deposit of a check, comprising a processor: providing a software application for installation on a mobile device, such as a customer's smartphone; receiving an identification of an account for deposit of a check and an amount of the check; providing instructions instructing the customer to position the check with respect to the mobile device camera to produce an initial image including an image of the front side of the check, identify selected points of the initial image to enable cropping of the image beyond a boundary of the front side of the check, and approve a cropped portion of the initial image, the cropped portion including the image of the front side of the check; receiving the image of the front side of the check from the customer's mobile device; performing optical character recognition on the check image; analyzing the image of the check to determine whether it meets at least one criterion; determining whether there is an error, comprising validating a routing number associated with the check, determining whether the check was previously deposited, and comparing the amount of the check to an amount determined by optical character recognition; and initiating the deposit of the check into the bank account.

78.    For example, Wells Fargo Mobile Deposit comprises a system accessible through Android or iPhone smartphones:



79.    As discussed above, the Wells Fargo Mobile Deposit system uses the capabilities of the customer's smartphone to provide remote check depositing functionality:



80.     Wells Fargo Mobile Deposit receives, from the user, an indication of the amount of the check and the account into which the check is to be deposited:



81.     Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:



82.     As illustrated in the above image, Wells Fargo Mobile Deposit projects a graphical illustration in the field of view of the camera to assist the user in capturing images of the check, including, for example, with respect to the orientation and positioning of the check relative to the camera.  Wells Fargo Mobile Deposit also provides graphical feedback to the customer, including, for example, indicating whether the customer should "Get closer" (e.g., move the device closer to the check) or "Hold steady" (e.g., hold the device in position).

83.     Wells Fargo Mobile Deposit includes guidelines for taking photos that work best, including, for example, to "Place your check on a dark-colored, plain surface that's well lit," "Position your camera directly over the check (not at an angle)," and "Fit all 4 corners in the guides of your mobile device's camera screen."

84.     Wells Fargo Mobile Deposit automatically captures the image of the check when the image meets certain criteria, as described, for example, in the instructions on Wells Fargo's website (red underlining added for emphasis):



85.     Wells Fargo Mobile Deposit presents cropped portions of the check images to the customer for approval:



86.     Wells Fargo Mobile Deposit determines a routing number for the check image and an amount of the check using optical character recognition and initiates a check deposit for the check image after, among other things, validating the routing number and comparing the amount of the check to the amount indicated by the customer and determining whether there is an error:



87.     Wells Fargo has had actual knowledge of its infringement of the '227 Patent since at least the time of service of this Complaint, and continues to infringe the '227 Patent notwithstanding that knowledge.  USAA is further informed and believes that Wells Fargo has had actual knowledge of its infringement of the '227 Patent since before the time of service of this Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its pioneering technological developments in mobile deposit; USAA has marked its products with notices regarding the '227 Patent; USAA and Wells Fargo are competitors in the same industry and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to investigate USAA's patents on the technologies; and USAA has approached Wells Fargo regarding licensing of USAA's mobile deposit patents.  To the extent that Wells Fargo lacked knowledge of its infringement of the '227 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of

a need to license USAA's remote deposit capture (RDC) patents of which the '227 Patent is an integral part, and, on information and belief, Wells Fargo's knowledge of USAA's Deposit@Home® and Deposit@Mobile® products.

88.     Wells Fargo actively encourages, directs, and controls third parties, including its customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including through Wells Fargo's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions.  On information and belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo Mobile applications to Android and iPhone users, respectively.

89.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is inducing infringement of the '227 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile Deposit in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that Wells Fargo's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '227 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or have a high probability of infringing the '227 Patent, with the specific intent that those performing the acts infringe the '227 Patent.

90.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is contributorily infringing the '227 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by

supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for use in infringing the '227 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '227 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

91.    USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '227 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

92.    As a result of Wells Fargo's infringement of the '227 Patent, USAA has been damaged.  In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA.  USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

93.    USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '227 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285.  As noted above, Wells Fargo has had knowledge of the '227 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights.  Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

94.    To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '227 Patent.

## IX.    FIFTH CLAIM FOR RELIEF – '605 PATENT

95.    USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

96.     The '605 Patent, entitled "Digital camera processing system," was duly and legally issued on July 3, 2018.  A true and correct copy of the '605 Patent is attached as Exhibit 5.

97.     The '605 Patent has been in full force and effect since its issuance.  USAA owns by assignment the entire right, title and interest in and to the '605 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.  USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '605 Patent, including, for example, Claim 12, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit.  For example, on information and belief, Wells Fargo Mobile Deposit is a system for allowing a customer to deposit a check using a customer's own handheld mobile device with a digital camera, such as a smartphone, where the system is configured to authenticate the customer and includes: a customer's handheld mobile device, such as a smartphone; camera software that controls the digital camera; a downloaded software application associated with the bank configured to control the camera software and control submitting a check for deposit by causing the mobile device to: instruct the customer to have the digital camera take photos of front and back sides of the check; use the mobile device's display to assist the customer in taking the photos; present the photos of the check to the customer; and transmit a copy of the photos using a wireless network and submit the check for mobile deposit in the bank, after the photos are presented to the customer and the customer is authenticated; the system further including a bank computer programmed to update an account balance to reflect the mobile deposited check, and further configured to: confirm that the mobile check deposit can go forward after performing optical character recognition on the check to determine the check amount and read a MICR line and initiate the mobile check deposit after confirming; and generate a log file for the mobile check deposit, including an image of the check submitted for mobile check deposit.

98.    For example, Wells Fargo Mobile Deposit comprises a system accessible through Android or iPhone smartphones:



99.    As discussed above, the Wells Fargo Mobile Deposit system uses the capabilities of the customer's smartphone to provide remote check depositing functionality:



100.    Wells Fargo Mobile Deposit authenticates the customer, including, for example, when the customer signs on to the Wells Fargo Mobile Deposit application:



1. Sign on to the *Wells Fargo Mobile* app.

2. From the menu, select **Deposit Checks**.

3. Read and accept the Terms and Conditions.

101.    Wells Fargo Mobile Deposit receives, from the customer, an indication of the amount of the check and the account into which the check is to be deposited:



102.    Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:



1. Sign the back of your check and write "For Mobile Deposit at Wells Fargo Bank Only" below your signature (or if available, check the box that reads: "Check here if mobile deposit").

2. Take a picture of the front and back of your endorsed check with your mobile device. For photos that work best, follow these guidelines:

   a. Place your check on a dark-colored, plain surface that's well lit.

   b. Position your camera directly over the check (not at an angle).

   c. Fit all 4 corners in the guides of your mobile device's camera screen.

3. The app will take the photo automatically, or you can select the camera icon to take the picture manually at any time.

103.    As illustrated in the above image, Wells Fargo Mobile Deposit instructs the user to take photos of the front and back of the check and assists the user in doing so, for example, by projecting a graphical illustration in the field of view of the camera to assist the user in capturing images of the check, including, for example, with respect to the orientation and positioning of the check relative to the camera.  Wells Fargo Mobile Deposit also provides graphical feedback to the customer, including, for example, indicating whether the customer should "Get closer" (e.g., move the device closer to the check) or "Hold steady" (e.g., hold the device in position).

104.    Wells Fargo Mobile Deposit includes guidelines for taking photos that work best, including, for example, to "Place your check on a dark-colored, plain surface that's well lit," "Position your camera directly over the check (not at an angle)," and "Fit all 4 corners in the guides of your mobile device's camera screen."

105.    Wells Fargo Mobile Deposit presents the check images to the customer before initiating the mobile check deposit:



106.    Wells Fargo Mobile Deposit determines a routing number for the check image, including, for example, by reading a MICR line of the check, and an amount of the check using optical character recognition and initiates a check deposit for the check image after, among other things, validating the routing number and comparing the amount of the check to the amount indicated by the customer and confirming that the mobile check deposit can go forward:



107.    Wells Fargo Mobile Deposit, as part of the deposit process, generates a log file for the deposit comprising, among other things, at least one image of the check submitted for deposit.

108.    Wells Fargo Mobile Deposit, using a bank computer, updates an account balance to reflect an amount of the check submitted for mobile deposit.  According to Wells Fargo, "funds are available on the next business day after the day of your deposit, unless a hold is applied."



1. You'll get a confirmation screen and email when your deposit has been received.

2. Write "Mobile Deposit" and the date on the check.

3. Hold on to it for at least 5 days, then destroy.

109.    Wells Fargo has had actual knowledge of its infringement of the '605 Patent since at least the time of service of this Complaint, and continues to infringe the '605 Patent notwithstanding that knowledge.  USAA is further informed and believes that Wells Fargo has had actual knowledge of its infringement of the '605 Patent since before the time of service of this Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its pioneering technological developments in mobile deposit; USAA has marked its products with notices regarding the '605 Patent; USAA and Wells Fargo are competitors in the same industry and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to investigate USAA's patents on the technologies; and USAA has approached Wells Fargo regarding licensing of USAA's mobile deposit patents.  To the extent that Wells Fargo lacked knowledge of its infringement of the '605 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of a need to license USAA's remote deposit capture (RDC) patents of which the '605 Patent is an

integral part, and, on information and belief, Wells Fargo's knowledge of USAA's
Deposit@Home® and Deposit@Mobile® products.

110.    Wells Fargo actively encourages, directs, and controls third parties, including its
customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including
through Wells Fargo's website, advertisements, documentation/instructional material, customer
support, application and feature descriptions, and in-application instructions.  On information and
belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo
Mobile applications to Android and iPhone users, respectively.

111.    USAA is informed and believes, and on this basis alleges, that from at least the
time of service of this complaint, Wells Fargo is inducing infringement of the '605 Patent, literally
and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly
encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit
in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in
violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile
Deposit in or from the United States, without license or authority from USAA, with knowledge of
or willful blindness to the fact that Wells Fargo's actions will induce others, including but not
limited to its customers, partners, and/or end users, to directly infringe the '605 Patent.  USAA is
further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided
and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to
use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or
have a high probability of infringing the '605 Patent, with the specific intent that those performing
the acts infringe the '605 Patent.

112.    USAA is informed and believes, and on this basis alleges, that from at least the
time of service of this complaint, Wells Fargo is contributorily infringing the '605 Patent, literally
and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to
sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by
supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for

use in infringing the '605 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '605 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

113.    USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '605 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

114.    As a result of Wells Fargo's infringement of the '605 Patent, USAA has been damaged.  In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA.  USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

115.    USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '605 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285.  As noted above, Wells Fargo has had knowledge of the '605 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights.  Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

116.    To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '605 Patent.

## X.    PRAYER FOR RELIEF

WHEREFORE, USAA prays for judgment against Wells Fargo as follows:

A.    That Wells Fargo has infringed, and continues to infringe, each of the USAA Patents;

B.     That each claim of each of the USAA Patents is valid and enforceable;

C.     That Wells Fargo pay damages adequate to compensate USAA for Wells Fargo's infringement, together with interest and costs under 35 U.S.C. § 284;

D.     That Wells Fargo be ordered to pay pre-judgment and post-judgment interest on the damages assessed;

E.     That Wells Fargo be ordered to play supplemental damages to USAA, including interest, with an accounting, as needed;

F.     That Wells Fargo's infringement is willful and that the damages awarded to USAA should be enhanced up to three times the actual damages awarded;

G.     That USAA be awarded damages for its costs, disbursements, expert witness fees, and attorneys' fees and costs incurred in prosecution this action, with interest, including damages for an exceptional case pursuant to 35 U.S.C. § 285 and as otherwise provided by law; and

H.     That USAA be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## XI.     DEMAND FOR JURY TRIAL

117.     Pursuant to Federal Rule of Civil Procedure 38(b), USAA hereby demands a trial by jury on all issues triable to a jury.

Dated: August 17, 2018

Co-Counsel:

**IRELL & MANELLA LLP**

Jason Sheasby (CA #205455) to appear
PHV
Ben Hattenbach (CA #186455) to appear
PHV
Anthony Rowles (CA #301209) to
appear PHV
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Respectfully submitted,

**PARKER, BUNT & AINSWORTH, P.C.**

*/s/ Robert Christopher Bunt*

Robert C. Bunt
Lead Attorney
Texas State Bar No. 00787165
100 E. Ferguson Suite 1114
Tyler, Texas 75702
Tel. (903) 531-3535
Fax (903) 533-9687

**Attorneys for Plaintiff United Services
Automobile Association (USAA)**