**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION a Texas reciprocal inter-insurance exchange,  Plaintiff,  v.  WELLS FARGO BANK, N.A., a national banking association,  Defendant. _____ WELLS FARGO BANK, N.A., a national banking association,  Counterclaim Plaintiff,  v.  UNITED SERVICES AUTOMOBILE ASSOCIATION a Texas reciprocal inter-insurance exchange,  Counterclaim Defendant. | )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  Civil Action No. 2:18-CV-366  JURY TRIAL DEMANDED |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT'S ANSWER TO DEFENDANT AND COUNTERCLAIM PLAINTIFF'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, & COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant United Services Automobile Association ("USAA"), by its undersigned counsel, hereby responds to the Counterclaims of Defendant and Counterclaim Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), with knowledge as to its own acts, and on information and belief as to the acts of others, as follows:

1

**AFFIRMATIVE DEFENSES**

2       Wells Fargo's Affirmative Defenses do not require a response from USAA.  However, in

3  an excess of caution USAA provides a response.

4

FIRST DEFENSE

5

(Noninfringement)

6      1.    Denied.

7

SECOND DEFENSE

8

(Invalidity)

9      2.    Denied.

10

THIRD DEFENSE

11

(Limitation on Damages)

12     3.    Denied.

13

FOURTH DEFENSE

14

(Lack of Knowledge)

15     4.    Denied.

16

FIFTH DEFENSE

17

(Prosecution History Estoppel / Disclaimer)

18     5.    Denied.

19

SIXTH DEFENSE

20

(Equitable Defenses)

21     6.    Denied.

22     7.    USAA admits that USAA and Mitek Systems, Inc. ("Mitek") were involved in a

23  lawsuit in March 2012.  USAA admits that this lawsuit involved, among other things, a Mitek

24  patent.  USAA admits that USAA and Mitek entered into a settlement agreement.  Except as

25  expressly admitted, USAA denies the allegations set forth in paragraph 7 of the Affirmative

26  Defenses.

27

28

8.      USAA admits that the '332 Patent issued on March 5, 2013 and that the '227 Patent issued on April 29, 2014.  Except as expressly admitted, USAA denies the allegations set forth in paragraph 8 of the Affirmative Defenses.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     USAA admits that USAA filed the present suit in August 2018.  Except as expressly admitted, USAA denies the allegations set forth in paragraph 13 of the Affirmative Defenses.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

<div align="center">SEVENTH DEFENSE</div>

<div align="center">(License)</div>

21.     Denied. The court records speak for themselves concerning what claims were asserted and which were dismissed.  Unless expressly admitted, USAA denies the allegations in this defense.

**<div align="center">PRAYER FOR RELIEF ON PLAINTIFF'S AMENDED COMPLAINT</div>**

USAA denies that Wells Fargo is entitled to any relief, and specifically denies the allegations and requests for relief set forth in paragraphs A-B under the heading "PRAYER FOR RELIEF ON PLAINTIFF'S AMENDED COMPLAINT."

WHEREFORE, Counterclaim Defendants pray for relief as follows:

A.     That each of the Affirmative Defenses be dismissed with prejudice;

B.     That the Court award USAA the relief sought in its Complaint;

C.     For an entry of judgment declaring that Wells Fargo infringes all claims of the patents-in-suit;

D.     For an entry of judgment declaring that each and every claim of the patents-in-suit is valid and enforceable;

E.     For a finding that this case is "exceptional" and an award to USAA of its attorneys' fees and costs, as provided by 35 U.S.C. § 285; and

F.     That USAA be granted all further and other relief as the Court may deem just and proper.

## COUNTERCLAIMS

1.     Counterclaim paragraph 1 is an introductory paragraph for which no response is required.  To the extent a response is determined to be required to any allegations of paragraph 1, USAA admits that Wells Fargo purports to reserve the right to amend its Counterclaims further to add additional counts, including allegations of inequitable conduct, consistent with the facts discovered in this case, but USAA otherwise denies the allegations set forth in paragraph 1.

**NATURE OF THE ACTION**

2.     USAA admits that Wells Fargo purports to bring this action pursuant to Rule 13 of the Federal Rules of Civil Procedure for declarations of non-infringement and invalidity of U.S. Patent Nos. 9,224,136 ("'136 Patent"); 8,392,332 ("'332 Patent"); 10,013,681 ("'681 Patent"); 8,708,227 ("'227 Patent"); and 10,013,605 ("'605 Patent") (the "Asserted Patents").  Except as expressly admitted, USAA denies the allegations set forth in paragraph 2 of the Counterclaims.

**THE PARTIES**

3.      USAA is informed and believes, and on that basis admits, that Wells Fargo is a national banking association with its principal place of business at 101 North Phillips Avenue, One Wachovia Center, Sioux Falls, SD 57104.

4.      USAA admits that USAA is an unincorporated association organized under the laws of the State of Texas, with a principal place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288.

**JURISDICTION**

5.      Paragraph 5 presents legal conclusions for which no admission or denial is required.

6.      USAA admits that USAA owns all rights, title, and interest in and to the Asserted Patents and possesses all rights of recovery. USAA also admits that USAA claimed in its Complaint that Wells Fargo has infringed the Asserted Patents.  Except as expressly admitted, USAA denies the allegations set forth in paragraph 6 of the Counterclaims.

7.      Paragraph 7 presents legal conclusions for which no admission or denial is required.

8.      USAA admits that USAA has claimed that venue is proper for the purposes of this lawsuit in this judicial district under 28 U.S.C. § 1400(b).  Except as expressly admitted, USAA denies the factual allegations set forth in paragraph 8 of the Counterclaims.

**FACTUAL ALLEGATIONS**

9.      USAA admits that the '332 Patent, '136 Patent, and '681 Patent claim priority to U.S. Patent Application No. 11/591,247, filed on October 31, 2006, and that the '227 Patent and '605 Patent claim priority to U.S. Patent Application No. 11/590,974, filed on October 31, 2006. Except as expressly admitted, USAA denies all other allegations in this paragraph.

**[Alleged] Prior Art Electronic Check Processing**

10.     USAA admits that before the priority date of the patents, Check 21 standards allowing for the presentment of an image of a check had been passed into law.  USAA denies all other allegations in this paragraph.

11.     USAA admits that Exhibit 1 in Wells Fargo's counterclaim states that in 1974 regional ACH associations formed NACHA to coordinate the establishment of rules to facilitate the nationwide clearing of ACH payments.  This exhibit describes the existence of electronic credit and electronic debit capability through ACH at some point after founding.  USAA lacks sufficient knowledge or information to form a belief as to whether Exhibit 1 is accurate or authentic and on that basis denies that Exhibit 1 is accurate or authentic.  USAA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and on that basis denies them.

12.     Denied.

13.     USAA admits that Exhibit 2 in Wells Fargo's counterclaim entitled "POP, ARC, and BOC-A Comparison" states that ACH was introduced for point of purchase (POP) conversion in September 1999, allowing for "ACH debits" of "[c]hecks converted at a cash register, voided and returned to customer."  Before USAA's work on mobile check deposit significant technical challenges existed with this strategy, requiring the use of highly-specialized machines, not "ACH."  USAA lacks sufficient knowledge or information to form a belief as to whether Exhibit 2 is accurate or authentic and on that basis denies that Exhibit 2 is accurate or authentic.  USAA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and on that basis denies them.

14.     USAA admits that Wells Fargo's Counterclaims Exhibit 2 entitled "POP, ARC, and BOC-A Comparison" states that ACH was introduced for accounts receivable conversion (ARC) in March 2002, allowing for "ACH debits" of "[c]hecks mailed to pay a bill or deposited into payment drop box."  Before USAA's work on mobile check deposit significant technical challenges existed with this strategy, requiring the use of highly-specialized machines, not "ACH."  USAA lacks sufficient knowledge or information to form a belief as to whether Exhibit 2

is accurate or authentic and on that basis denies that Exhibit 2 is accurate or authentic.  USAA

lacks sufficient knowledge or information to form a belief as to the truth or falsity of the other

allegations set forth in this paragraph and on that basis denies them.

15.     USAA admits that the words "[a]nother effort to shift paper to electronic means

was electronic check pre-sentment (ECP) initiated by the Federal Reserve in the 1990s" and "[t]he

idea was to take payment information on a check and transmit it electronically nationwide among

check clearing houses (where banks meet to exchange checks drawn on each other). This would

speed up collection, reduce costs, and markedly reduce processing and delivery costs," "[b]ut

ACH is also replacing checks after they are written. Some merchants who receive a check at the

point of sale take the check, place it in a terminal that reads the MICR line, take the sale amount

from their electronic cash register, and use this information to initiate an ACH electronic debit to

the customer's deposit account. By using check conversion at the point of purchase (POP), the

merchant receives the funds the next day at its bank a process much faster than collecting the

paper check itself. Similarly, billers receiving checks in the mail at their lockboxes sited to

minimize mail time and that encode the check amount and read the MICR line to initiate an ACH

accounts receivable conversion (ARC) debit to the payor's account. Finally, since 2007, merchants

that accept checks at the point of sale can convert checks to ACH debits in their back office rather

than at the cash register," and "by 2002 […] 25% of checks deposited at these offices were

presented electronically via ECP" can be found in Wells Fargo's Counterclaims Exhibit 3 which

bears the title "Getting Rid of Paper: Savings From Check 21" and is dated 2012.  Before USAA's

work on mobile check deposit significant technical challenges existed with this strategy, requiring

the use of highly-specialized machines, not "ECP."  USAA lacks sufficient knowledge or

information to form a belief as to whether Exhibit 3 is accurate or authentic and on that basis

denies that Exhibit 3 is accurate or authentic.  USAA otherwise denies the allegations in this

paragraph.

16.     USAA admits that prior to the claimed priority date of the Asserted Patents

specialized physical machines existed with a magnetic ink reader that could be used to attempt to

read and decode magnetic ink character recognition (MICR) data that is imprinted on a check. There were and remain significant technical risks and challenges related to MICR reading, as well as significant efficiency and cost barriers associated with the process.  USAA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the other allegations set forth in paragraph 16 and on that basis denies them.

17.     USAA admits that U.S. Patent No. 5,237,620 bears a date of issuance of August 17, 1993 and states in part the following: "detects a MICR code on a check and generates electrical signals representative of the MICR code."  Except as expressly admitted, USAA denies the allegations set forth in paragraph 17 of the Counterclaims.

18.     USAA admits that U.S. Patent No. 5,444,616 bears a date of issuance of August 22, 1995 and states in part the following: "read head . . . that reads the account number from the magnetic ink characters 25 printed along the bottom edge of the check."  Except as expressly admitted, USAA denies the allegations set forth in paragraph 18 of the Counterclaims.

19.     USAA admits that U.S. Patent No. 6,059,185 bears date of issuance of May 9, 2000 and states in part the following: "MICR reader 200 to read the checking account information pre-printed on the check[.]"  Except as expressly admitted, USAA denies the allegations set forth in paragraph 19 of the Counterclaims.

20.     USAA admits that U.S. Patent No. 6,351,735 bears a date of issuance of February 26, 2002 and states in part the following: "check reader 119 automatically scans the magnetic ink character recognition (MICR) data printed along the bottom edge of the customer's check[.]"  Except as expressly admitted, USAA denies the allegations set forth in paragraph 20 of the Counterclaims.

21.     USAA admits that before the priority date of the patents Check 21 standards making lawful the presentment of an image of a check had been passed into law.  Except as expressly admitted, USAA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 and on that basis denies them.

22.     USAA admits that prior to the claimed priority date of the Asserted Patents specialized physical machines existed with a magnetic ink reader that could be used to attempt to read and decode magnetic ink character recognition (MICR) data that is imprinted on a check. There were and remain significant technical risks and challenges related to MICR reading, as well as significant efficiency and cost barriers associated with the process.  USAA admits that the words "[t]he idea was to take payment information on a check and transmit it electronically nationwide among check clearing houses (where banks meet to exchange checks drawn on each other). This would speed up collection, reduce costs, and markedly reduce processing and delivery costs," "[b]ut ACH is also replacing checks after they are written. Some merchants who receive a check at the point of sale take the check, place it in a terminal that reads the MICR line, take the sale amount from their electronic cash register, and use this information to initiate an ACH electronic debit to the customer's deposit account. By using check conversion at the point of purchase (POP), the merchant receives the funds the next day at its bank a process much faster than collecting the paper check itself. Similarly, billers receiving checks in the mail at their lockboxes sited to minimize mail time and that encode the check amount and read the MICR line to initiate an ACH accounts receivable conversion (ARC) debit to the payor's account. Finally, since 2007, merchants that accept checks at the point of sale can convert checks to ACH debits in their back office rather than at the cash register," and  "by 2002 […] 25% of checks deposited at these offices were presented electronically via ECP" can be found in Wells Fargo's Counterclaims Exhibit 3 which bears the title "Getting Rid of Paper: Savings From Check 21" and is dated 2012. Before USAA's work significant technical challenges existed with this strategy, requiring the use of highly-specialized machines, not simply "ECP" or "MICR."   USAA lacks sufficient knowledge or information to form a belief as to whether Exhibit 3 is accurate or authentic and on that basis denies that Exhibit 3 is accurate or authentic.  USAA otherwise denies the allegations in this paragraph.

23.     Denied.

24.     Denied.

**Check 21 and [Alleged] Prior Art Check Imaging**

25.     USAA admits that check "float" is the time lag between receipt and clearing. Furthermore, USAA admits that the words "Fed check float, which averaged $766 *million* per day in the first eight months of 2001, resulting in a net injection of funds of $47 *billion* on Thursday" can be found in Wells Fargo's Counterclaims Exhibit 8 which bears the title "Payment System Disruptions and the Federal Reserve Following September 11, 2001." USAA lacks sufficient knowledge or information to form a belief as to whether Exhibit 8 is accurate or authentic and on that basis denies that Exhibit 8 is accurate or authentic.  USAA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and on that basis denies them.

26.     USAA admits that the words "[t]he September 2001 disruption spurred the Federal Reserve to ask Congress to allow a paper representation of the digital image of the front and back of a check (called a substitute check) to be legally the same as the original physical item for purposes of collection and presentment" can be found in Wells Fargo's Counterclaims Exhibit 4 which bears the title "Getting Rid of Paper: Savings From Check 21."  USAA lacks sufficient knowledge or information to form a belief as to whether Exhibit 4 is accurate or authentic and on that basis denies that Exhibit 4 is accurate or authentic.  USAA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and on that basis denies them.

27.     USAA admits that in 2003 Congress passed the Check Clearing for the 21st Century Act, which has come to be more commonly known as "Check 21."

28.     USAA admits that the Check 21 statute had the force of law in 2004.  Furthermore, USAA is informed and believes, and on that basis admits that the Check 21 Act makes it lawful to use a digital image of a negotiable instrument for processing a negotiable instrument deposit transaction.  USAA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the other allegations set forth in paragraph 28 and on that basis denies them.

29.     USAA admits that U.S. Patent No. 7,609,873 bears a filing date December 7, 2005 and states in part the following: "Traditionally, businesses have deposited checks received from, for example, customers by physically taking them to a branch of their bank and depositing them over the counter with a teller or dropping them into a night deposit box. The actual physical presentation of checks to be deposited was necessary because, under prior banking laws, the depository bank had to present the original of each check to the corresponding paying bank in order to clear the check. This changed in October of 2004 with the enactment of The Check Clearing for the 21st Century Act, commonly referred to Check 21. Check 21 removed the legal requirement that an original paper check had to be presented to obtain payment. Instead, banks can now use digital images to transport check data from the bank of first deposit to the paying bank. Thus, depositors now have the option of depositing checks electronically. In particular, when a depositor wishes to deposit one or more checks, an operator, such an accounts receivable clerk, may scan each of the paper checks to be deposited using some type of a digital scanner to create an image of each check. The check images may then be transmitted electronically to the bank of first deposit. If any downstream bank, such as the paying bank, cannot process a check image, the image can be printed, according to certain specifications, to create what is known as a substitute check, which is the legal equivalent of the original paper check. Check 21 has thus opened the door for remote check deposit solutions wherein check images, rather than original paper checks, are used to make deposits, thereby enabling businesses to eliminate trips to the bank. In addition, the use of check images also reduces check transportation costs among banks and improves funds availability."  USAA denies the other allegations in this paragraph.

30.     USAA admits that U.S. Patent Application Publication No. 2005/0097046 bears a publication date of May 5, 2005 and states in part the following: "This invention allows bankers all across the continent to lessen their labor expenditures and manual operating costs, while increasing service options to their customers. Banking productivity will increase due to less paper processing. With the new Law, Check 21 century act (as of October 2004), substitute checks will allow banks to decrease paper trails, by allowing substitutes of the checks to be accepted. This

invention will allow users and the banking industry to quickly adapt and make a comfortable transition using this tool as a 'banker's handyman'."  USAA denies the other allegations in this paragraph.

31.     USAA admits that the Check 21 Act makes lawful the use of a digital image of a negotiable instrument for processing a negotiable instrument deposit transaction.  Furthermore, USAA admits that at least USAA proposed to extract character information from the front and back of a digital image of a check captured from a camera, and that the digital image file may be processed through an optical character recognition application.  At the time of USAA's work in the patents in suit, the field was extremely new, the level of skill was low, and the techniques were not routine.  Except as expressly admitted, USAA denies the allegations set forth in paragraph 31 of the Counterclaims.

32.     USAA admits that specialized machines attempted to read text in documents.  At the time of USAA's work in the patents in suit, the field was extremely new, the level of skill was low, and the techniques were not routine, making it inaccurate to state that this strategy was "known."  Except as expressly admitted, USAA denies the allegations set forth in paragraph 32 of the Counterclaims.

33.     USAA admits that U.S. Patent No. 5,077,805 states in part the following: "feature-based character recognition" and "template matching character recognition."  Except as expressly admitted, USAA denies the allegations set forth in paragraph 33 of the Counterclaims.

34.     USAA admits that U.S. Patent No. 5,091,968 states in part the following: "optical scanner" and "predetermined character-identification patterns (templates)."  Except as expressly admitted, USAA denies the allegations set forth in paragraph 34 of the Counterclaims.

35.     USAA admits that U.S. Patent No. 5,455,875 states in part the following: "optical character recognition logic" and "electronically stored document images."  Except as expressly admitted, USAA denies the allegations set forth in paragraph 35 of the Counterclaims.

36.     USAA admits that U.S. Patent No. 6,148,102 states in part the following: "recognizing text in a multicolor image."  Except as expressly admitted, USAA denies the allegations set forth in paragraph 36 of the Counterclaims.

37.     USAA admits that the words "Optical Character Recognition […] in 16 languages" and "legal, medical, scientific, and large user-defined dictionaries" can be found in Wells Fargo's Counterclaims Exhibit 16 which bears the title "Big Red Book" and bears the date 2000. USAA lacks sufficient knowledge or information to form a belief as to whether Exhibit 16 is accurate or authentic and on that basis denies that Exhibit 16 is accurate or authentic.  Except as expressly admitted, USAA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 120 and on that basis denies them.

38.     Denied.

39.     USAA admits that U.S. Patent No. 5,345,090 states in part the following: "optical reader" and "trigger the optical detector circuitry to begin capturing image data for purposes of capturing MICR line data for decoding. In this particular embodiment, the optical detector chip and associate circuity and software utilizes a neural network technology[.]"  Except as expressly admitted, USAA denies the allegations set forth in paragraph 39 of the Counterclaims.

40.     USAA admits that U.S. Patent No. 6,181,837 bears an issuance date of January 20, 2001, and states in part the following: "checks 1 are then conveyed along the track 220 sequentially to digital imager 204 […] The check images made by the imager are passed to the Optical Character Recognition device (OCR) 206" and "through optical character recognition, decodes the MICR characters optically from the image."  Except as expressly admitted, USAA denies the allegations set forth in paragraph 40 of the Counterclaims.

41.     USAA admits that U.S. Patent No. 6,473,519 bears an issuance date of October 29, 2002, and states in part the following: "imaging assembly imaging the dollar amount line of a check may be, for example, a full width imaging assembly having optics for imaging the full width of a check[.]" Except as expressly admitted, USAA denies the allegations set forth in paragraph 41 of the Counterclaims.

42.     USAA admits that attempts at optical character recognition applied to text present in a document existed before the priority dates of the patents in suit, and that this was a specialized technology that had risks and challenges associated with it.  .  At the time of USAA's work in the patents in suit, the field was extremely new, the level of skill was low, and the techniques were not routine.  Except as expressly admitted, USAA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 42 and on that basis denies them.

43.     USAA admits that attempts at optical character recognition applied to text present in a check existed before the priority dates of the patents in suit, and that this was a specialized technology that had risks and challenges associated with it.  At the time of USAA's work in the patents in suit, the field was extremely new, the level of skill was low, and the techniques were not routine.  Except as expressly admitted, USAA lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 43 and on that basis denies them.

44.     Denied.

45.     Denied.

46.     Denied.

**COUNT I (DECLARATION REGARDING NON-INFRINGEMENT)**

47.     USAA repeats and incorporates by reference each of its responses to paragraphs 1 through 46 above.

48.     Admitted.

49.     The allegations in paragraph 140 constitute conclusions of law or legal argument to which no responsive pleading is necessary.  To the extent a response is determined to be required to any allegations of paragraph 49, denied.

50.     USAA admits that Wells Fargo requests a declaration by the Court that it does not infringe and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid,

enforceable claim of the Asserted Patents pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq, but USAA otherwise denies the allegations set forth in paragraph 50.

## COUNT II (DECLARATION REGARDING INVALIDITY)

51.     USAA repeats and incorporates by reference each of its responses to paragraphs 1 through 50 above.

52.     Admitted.

53.     The allegations in paragraph 144 constitute conclusions of law or legal argument to which no responsive pleading is necessary.  To the extent a response is determined to be required to any allegations of paragraph 53, denied.

54.     USAA admits that Wells Fargo requests a declaration by the Court that the claims of the Asserted Patents are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112 pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and 35 U.S.C. § 100 et seq., but USAA otherwise denies the allegations set forth in paragraph 54.

## JURY DEMAND

55.     USAA admits that Wells Fargo demands trial by jury on all issues.

*          *          *

USAA's investigation of its defenses is ongoing.  USAA reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## PRAYER FOR RELIEF

USAA denies that Wells Fargo is entitled to any relief, and specifically denies the allegations and requests for relief set forth in paragraphs A-D under the heading "PRAYER FOR RELIEF ON WELLS FARGO'S COUNTERCLAIMS."

WHEREFORE, Counterclaim Defendants pray for relief as follows:

A.     That each of the Counterclaims be dismissed with prejudice;

1          B.          For an entry of judgment that Wells Fargo is not entitled to the relief sought, or any

2    other relief, on the Counterclaims;

3          C.          That the Court award USAA the relief sought in its Complaint;

4          D.          For an entry of judgment declaring that Wells Fargo infringes all claims of the

5    patents-in-suit;

6          E.          For an entry of judgment declaring that each and every claim of the patents-in-suit

7    is valid and enforceable;

8          F.          For a finding that this case is "exceptional" and an award to USAA of its attorneys'

9    fees and costs, as provided by 35 U.S.C. § 285; and

10         G.          That USAA be granted all further and other relief as the Court may deem just and

11   proper.

Dated: April 26, 2019

Respectfully submitted,

By: */s/ Robert Christopher Bunt*

**IRELL & MANELLA LLP**

Jason Sheasby (CA #205455), *pro hac vice*
Email: jsheasby@irell.com
Lead Attorney
Ben Hattenbach (CA #186455), *pro hac vice*
Email: bhattenbach@irell.com
Anthony Rowles (CA #301209), *pro hac vice*
Email: trowles@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**PARKER, BUNT & AINSWORTH, P.C.**

Robert C. Bunt
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel. (903) 531-3535
Email:  rcbunt@pbatyler.com

**Attorneys for Plaintiff United Services
Automobile Association (USAA)**

1

## **CERTIFICATE OF SERVICE**

2

  I hereby certify that on April 26, 2019 I caused a true and correct copy of the foregoing to

3

be served by electronic mail on Defendant's counsel of record.

4

5

6
        */s/ Robert Chirstopher Bunt*
        Robert Christopher Bunt

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28