# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, § § § *Plaintiff*, § § v. § § WELLS FARGO BANK, N.A., § § *Defendant*. § | Case No. 2:18-CV-00366-JRG-RSP |

## MEMORANDUM ORDER

Plaintiff United Services Automobile Association ("USAA") filed an Opposed Motion for Leave to Amend Infringement Contentions (the "Motion to Amend"), which is now before the Court. (Dkt. No. 66.) In the Motion to Amend, USAA seeks leave to serve its Fourth Amended Infringement Contentions. After consideration, the Court **GRANTS** the Motion to Amend.

Also before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Strike Portions of the Conte Report (the "Motion to Strike"). (Dkt. No. 84.) In part II(b) of the Motion to Strike, Wells Fargo seeks to exclude Dr. Conte's DOE opinions set forth in paragraphs 799, 860, and 909 in his report as not properly disclosed in USAA's infringement contentions. Because these theories are properly disclosed in the Fourth Amended Infringement Contentions, the Court **DENIES** this portion of the Motion to Strike. The remainder of the Motion to Strike is **CARRIED**.

## I. THE MOTION TO AMEND

### A. Background

USAA brought suit against Wells Fargo alleging that Wells Fargo's Mobile Deposit system (the "Accused Instrumentality") infringes several of USAA's patents. (Dkt. No. 1.) Pursuant to

local Patent Rule ("P.R.") 3-4, Wells Fargo served USAA with source code for the Accused Instrumentality. Service of this source code was due by January 18, 2019. (Dkt. No. 29.) USAA discovered that the source code produced by Wells Fargo was not correct. According to USAA, it "had to repeatedly ask Wells Fargo to supplement its code production, and when new code has been produced it duly supplemented its infringement contentions." (Dkt. No. 66 at 2; *see also* Dkt. Nos. 66-3–6.) Most recently, on August 13, 2019, Wells Fargo produced a new version of source code for iOS 3.7.1, the version of the source code Wells Fargo asserts it is currently using. (Dkt. No. 66 at 2; Dkt. No. 66-8.) In response to this new source code, USAA served its Fourth Amended Infringement Contentions. According to USAA, these amended contentions added "a significant number of citations from the recently produce[d] source code and some additional DOE explanations based on this code." (Dkt. No. 66-11.)

Wells Fargo does not object to the added citations to the newly produced source code. (Dkt. No. 69 at 2.) However, Wells Fargo objects to the "new DOE arguments" because they "are unrelated to the corrected" iOS 3.7.1 source code. (*Id.*) Accordingly, USAA moves for leave to amend its Infringement Contentions to include these amended DOE contentions. USAA moves pursuant to paragraph 3(a)(i) of the Discovery Order (Dkt. No. 30) as well as P.R. 3-6. (Dkt. No. 66 at 1.)

### B. Applicable Law

A party may request the Court to grant leave to supplement a filing after the deadline in the scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4). "In determining whether 'good cause' exists, the Court considers the following four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Fractus, S.A. v. AT&T Mobility LLC*, No. 2:18-CV-00135-JRG, 2019 WL 5373197, at *1 (E.D.

Tex. Aug. 20, 2019) (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003)).

    **C.**    **Analysis**

The rule contained in Paragraph 3(a)(i) of the Discovery Order is a standard part of this Court's model discovery order. This rule is such an integral part of patent practice before this Court, it is colloquially referred to as P.R. 3-1(g). *See, e.g.*, *Zix Corp. v. Echoworx Corp.*, No. 2:15-cv-1272-JRG, 2016 WL 3410367, at *1 (E.D. Tex. May 13, 2016). In its regular application, the rule contemplates that relevant source code will be produced within 45 days of the plaintiff's Infringement Contentions along with the defendant's Invalidity Contentions, *see* P.R. 3-3, 3-4, not over 200 days after service of Infringement Contentions and 10 days before the close of fact discovery and the beginning of expert discovery. (*See* Dkt. No. 29.) Given the unique factual scenario presented here, the Court hesitates to construe this rule in a manner that may have unintended consequences for its application in other cases. Because the Court finds that good cause exists for USAA's amendment under P.R. 3-6(b), the Court declines to consider whether the amendment would also be allowable under 3(a)(i) of the Discovery Order.

Considering the four factors relevant to a showing of good cause under P.R. 3-6(b), the Court finds that USAA has demonstrated good cause to serve its Fourth Amended Infringement Contentions.

As to the first factor, the explanation for the failure to meet the deadline, the Court notes that, while the Court declines to address the argument on its merits, USAA has a reasonable basis for its position that its amendment is appropriate under 3(a)(i) of the Discovery Order because it was served within 30 days of Wells Fargo serving its corrected source code. As USAA also notes, it had previously amended its contentions in response to receiving corrected source code without

objection. (Dkt. No. 66 at 2.) Therefore, the Court concludes that USAA had a good faith, reasonable belief that its amendment was timely.

As to the second factor, the importance of the thing that might be excluded, USAA argues that the amendment is necessary to address Wells Fargo's newly produced, corrected source code. (*Id.* at 6.) While this is true as to the updated citations to the corrected source code, the Court does not find that the amended DOE contentions necessarily relate to the corrected source code. USAA's argument for importance is further undermined by USAA's assertion that the amendment does not "introduce a new theory" but "merely adds further clarification and explanation of USAA's previously-disclosed infringement theories." (Dkt. No. 71 at 2.) "[I]nfringement contentions merely serve a notice function." *Global Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671-LED-JDL, 2012 WL 1903903, at *7 n.6 (E.D. Tex. May 25, 2012) (citing *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007)). Therefore, "further clarification and explanation" of theories already disclosed are not overly important under this factor.

As to the third factor, potential prejudice in allowing the thing that would be excluded, the Court agrees with USAA that its amended DOE contentions are merely a clarification of theories already disclosed in its current Infringement Contentions. While this fact cuts against the importance of the amendment, it also cuts against the prejudice to Wells Fargo in allowing the amendment. Wells Fargo argues that if the amendment is allowed it will be prejudiced by being "forced to reevaluate USAA's infringement contentions and DOE theories after discovery has generally closed." (Dkt. No. 69 at 8.) However, it was Wells Fargo that first "forced [USAA] to reevaluate" corrected source code produced only days before the close of fact discovery. The Court finds that any prejudice to Wells Fargo is slight.

4

As to the fourth factor, the Court finds that a continuance is not necessary. As Wells Fargo itself noted in its own motion to serve an appendix to one of its expert's reports, filed two months after the instant Motion to Amend, "expert depositions have not yet occurred" so there will be "a full and fair opportunity to question" USAA's experts regarding this amendment. (Dkt. No. 100 at 2.)

Taking these factors together, USAA has demonstrated good cause to amend its Infringement Contentions.

## II. MOTION TO STRIKE

In its Motion to Strike, Wells Fargo argues that paragraphs 779, 860, and 909 of Dr. Conte's expert report should be excluded because the DOE theories contained therein were not disclosed in USAA's Third Amended Infringement Contentions. (Dkt. No. 84 at 3.) Wells Fargo does not dispute that these theories are contained in USAA's Fourth Amended Infringement Contentions, but instead argues that those contentions should not be allowed. Having found that USAA has demonstrated good cause to serve its Fourth Amended Infringement Contentions, the Court also finds that Dr. Conte's DOE theories are supported by USAA's operative contentions.[1]

## III. CONCLUSION

For the reasons set forth herein, USAA's Opposed Motion for Leave to Amend Infringement Contentions (Dkt. No. 66) is **GRANTED**.

---

[1] As discussed above, the Court also finds that the DOE theories contained in the Fourth Amended Infringement Contentions were disclosed in the Third Amended Infringement Contentions.

Wells Fargo's Motion to Strike Portions of the Conte Report (Dkt. No. 84) is **DENIED-IN-PART** and **CARRIED-IN-PART**. Part II(b) of the Motion to Strike is **DENIED**. The remainder of the Motion to Strike is **CARRIED**.

**SIGNED this 17th day of December, 2019.**

                                                ROY S. PAYNE
                                              UNITED STATES MAGISTRATE JUDGE