**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:18-CV-00366-JRG-RSP |
| WELLS FARGO BANK, N.A., | § § § | |
| *Defendant*. | § § | |

## MEMORANDUM ORDER

Plaintiff United Services Automobile Association filed suit against Defendant Wells Fargo Bank, N.A., alleging patent infringement. Wells Fargo raised a series of defenses, including invalidity of USAA's asserted patents. (Dkt. No. 36). To support its invalidity defense, Wells Fargo retained Mr. William Saffici as an expert, who wrote a report presenting obviousness opinions based on various combinations of references. (Dkt. No. 90-3). USAA now brings a *Daubert* Motion to Strike Portions of the Expert Report of William Saffici. (Dkt. No. 80).[1] USAA specifically requests that Mr. Saffici be barred from providing testimony concerning the Tealeaf software product mentioned in his report. For the following reasons, the Court **DENIES** USAA's *Daubert* motion.

**I.   BACKGROUND**

Mr. Saffici is a proffered expert for Wells Fargo regarding the alleged invalidity of USAA's asserted patents. He wrote a report, concluding that some of USAA's asserted patents were obvious

---

[1] After USAA filed this motion on October 25, 2019, Wells Fargo responded on November 12, 2019. (Dkt. No. 90). USAA then replied on November 19, 2019, (Dkt. No. 109) and Wells Fargo filed a sur-reply on November 26, 2019. (Dkt. No. 124).

in light of prior art. For the patents relevant to this motion, the priority date is October 31, 2006.[2] For the obviousness grounds related to those patents, Mr. Saffici relied in part on the Wells Fargo Desktop Deposit system as prior art. To support his opinions regarding the obviousness of various limitations of the asserted claims in view of the Desktop Deposit system, Mr. Saffici pointed to functionality contained in the Tealeaf software product[3] that he alleges was utilized by the system. Mr. Saffici relied on conversations he had with Mr. Byron Chun for his opinions regarding the Tealeaf system. (*See, e.g.*, Dkt. No. 90-3 at ¶¶ 613, 614). Mr. Chun is Wells Fargo's Rule 30(b)(6) witness as to the conception, design, operation, development, and release of Wells Fargo's Desktop Deposit system. Mr. Chun testified in his deposition that he worked on the Desktop Deposit system between 2004 and 2005. (*See* Dkt. No. 90-2 at 9–14).

## II. LEGAL ANALYSIS

In *Daubert v. Merrell Dow Pharm., Inc.,* the Supreme Court, in accordance with Rule 702 of the Federal Rules of Evidence, instructed courts to function as gatekeepers to shield the jury from unreliable or irrelevant expert testimony. 509 U.S. 579 (1993); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999). "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.,* 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kumho,* 526 U.S. at 147).

When evaluating *Daubert* challenges, courts must focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert,* 509 U.S. at 594. As the Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* Further, "[v]igorous

---

[2] While USAA claims infringement of U.S. Patent Nos. 9,224,136, 8,392,332, 10,013,681, 8,708,227, and 10,013,605, only the first two patents—the '136 Patent and '332 Patent—are relevant for this motion.

[3] Tealeaf software captures interactions between visitors and web applications. Tealeaf was founded in 1999 and acquired by IBM in 2012. Wells Fargo claims it has used the product since at least 2005, but the record does not establish when Wells Fargo began to use it or whether the software has changed in functionality since then.

cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* at 596. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S. Inc.,* 224 F.3d 402, 405 (5th Cir. 2000) (citation omitted).

### III. MOTION TO STRIKE

USAA argues that Mr. Saffici's testimony concerning the Tealeaf software should be stricken "because there is a complete absence of any foundation for his assumption that the Tealeaf software actually qualifies as prior art." (Dkt. No. 80 at 3).

Yet, Mr. Saffici, in his report, states that he understands "from talking to Byron Chun, who worked on the Desktop Deposit system, that Desktop Deposit and other Wells Fargo systems have and still utilize a software product named 'Tealeaf.'" (Dkt. No. 90-3 at ¶¶ 613, 635, 694, 716, 769, 791). The report goes on to state that Mr. Chun also explained Tealeaf's functionality as implemented by Wells Fargo to Mr. Saffici. (*Id.* at ¶¶ 614, 636, 695, 717, 770, 792). Mr. Chun testified that he worked on the system from 2004 to 2005, which is before the relevant priority date, and presumably, his knowledge is based on that time period. This presents some foundation for Mr. Saffici's discussion of the specific features of Tealeaf that he relies on for his invalidity analysis. The cases cited by USAA in its motion are distinguishable as the expert testimony in those cases had little to no factual support, whereas here USAA merely disputes that the factual support—Mr. Saffici's conversation with Mr. Chun—is reliable. (*See* Dkt. No. 80 at 3–6).

"An expert may base an opinion on facts or data in the case that the expert has been made aware of . . . [i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject . . . ." Fed. R. Evid. 703. Mr. Chun testified that he

worked on the Wells Fargo Desktop Deposit system from 2004 to 2005. Mr. Saffici further stated that Mr. Chun told him that Wells Fargo has and still uses the Tealeaf software with the Desktop Deposit system. Mr. Saffici could properly rely on Mr. Chun's familiarity with Tealeaf's integration into the Desktop Deposit system as a basis for the obviousness opinion in his report.

Here it appears that USAA really disputes the weight that should be given to Mr. Saffici's assertion that the Tealeaf system he describes in his report was used prior to 2006. USAA does not seem to dispute that should sufficient support exist, Mr. Saffici could properly rely on this type of evidence. On a *Daubert* motion, the Court focuses "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert,* 509 U.S. at 594. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id*. at 596. If USAA believes Mr. Saffici improperly concluded that Wells Fargo used a pre-2006 version of the Tealeaf software to help render the relevant patents as obvious, it will have the opportunity to further argue that at trial. But it would be inappropriate to strike the portions of Mr. Saffici's expert report regarding the Tealeaf software in this *Daubert* motion.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** USAA's *Daubert* Motion to Strike Portions of the Expert Report of William Saffici.

**SIGNED this 17th day of December, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE