# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 2:18-CV-00366-JRG-RSP |
| WELLS FARGO BANK, N.A., | § § § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER

Defendant Wells Fargo Bank, N.A. filed a Motion for Leave to Serve Appendix of William L. Saffici, which is now before the Court. (**Dkt. No. 100.**) In this motion, Wells Fargo seeks leave to serve an appendix to the original report of its invalidity expert, Mr. Saffici. After consideration, the Court **GRANTS** the motion.

### I. BACKGROUND

USAA brought suit against Wells Fargo alleging that Wells Fargo's Mobile Deposit system infringes several of USAA's patents. (Dkt. No. 1.) Wells Fargo, as one of its defenses, alleged that some of the asserted patents are invalid. (Dkt. No. 36 at 15.) Relevant to this motion, Wells Fargo alleged that dependent claims 6, 12, and 18 of U.S. Patent No. 9,224,136 (the "'136 Patent") are invalid. To prove its contention regarding the asserted claims, it relies on its invalidity expert, Mr. Saffici, who determined in his report that the asserted claims were disclosed by or rendered obvious by prior art.

USAA responded by requesting this Court to find that as a matter of law Mr. Saffici's report fails to provide evidence that the additional claim limitations in the asserted claims are disclosed by the prior art. (Dkt. No. 77.) Wells Fargo disagrees and moved for leave to file an

appendix to the report to help clarify that the at-issue limitations are properly disclosed in Mr. Saffici's report. (Dkt. No. 100.)

## II. APPLICABLE LAW

The Court may grant a party leave to supplement its expert's report after the deadline for "good cause." Fed. R. Civ. P. 16(b)(4). "In determining whether 'good cause' exists, the Court considers the following four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Fractus, S.A. v. AT&T Mobility LLC*, No. 2:18-CV-00135-JRG, 2019 WL 5373197, at *1 (E.D. Tex. Aug. 20, 2019) (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003)).

## III. ANALYSIS

Considering the four factors described above, the Court finds that Wells Fargo has demonstrated good cause to amend Mr. Saffici's report.

As to the first factor—the explanation for the failure to meet the deadline—the Court notes that USAA served a similar appendix for Dr. Conte, its infringement expert, in response to complaints from Wells Fargo regarding the sufficiency of his original report. (Dkt. No. 131-6.) Wells Fargo argues that it believed it was equitably entitled to a similar appendix when USAA similarly complained of the sufficiency of its infringement expert's report. Therefore, the Court concludes that Wells Fargo had a good faith, reasonable belief that its appendix would be allowed.

As to the second factor—the importance of amendment—Wells Fargo argues that the appendix "does not include any new theories or prior art" and is only meant to "alleviate any potential confusion." (Dkt. No. 100 at 1.) Thus, Wells Fargo's argument for importance is undermined by its assertion that the appendix only "cites to and identifies the already existing opinions and evidence" in Mr. Saffici's report, serving to "eliminate[] any potential for"

2

misinterpretation. (Dkt. No. 140 at 1–2.) Therefore, further clarification of theories already disclosed are not overly important under this factor.

As to the third factor—potential prejudice in allowing the amendment—the Court agrees with Wells Fargo that its appendix merely clarifies theories already disclosed in Mr. Saffici's report. While this fact cuts against the importance of the amendment, it also cuts against the prejudice to USAA in allowing the amendment. USAA argues that if the amendment is allowed, it will be prejudiced since it would turn "opening expert reports into noses of wax to be molded into different forms to suit a party's needs at trial." (Dkt. No. 131 at 5.) Yet, USAA, in describing its own appendix, said that there is little prejudice when "[t]he Appendix simply reorganized the existing content in [the expert's] report . . . ." (*Id*. at 4.) The Court therefore finds little to no potential prejudice in allowing the amendment.

As to the fourth factor, the Court finds that no continuance is necessary. USAA has been aware of the appendix, and the pending motion to serve it, for at least a month. Further, as Wells Fargo noted, "USAA was able to depose Mr. Saffici on his Report and Appendix." (Dkt. No. 140 at 3.)

Considering all factors, USAA has demonstrated good cause to amend Mr. Saffici's report.

## IV. CONCLUSION

For the reasons set forth herein, Wells Fargo's Motion for Leave to Serve Appendix of William L. Saffici is **GRANTED**.

**SIGNED this 19th day of December, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE