# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 2:18-CV-00366-JRG-RSP |
| WELLS FARGO BANK, N.A., | § § § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Plaintiff United Services Automobile Association filed a Motion for Summary Judgment That Claims 6, 12, and 18 of U.S. Patent No. 9,224,136 Are Not Invalid. (Dkt. No. 77) In the motion, USAA asks the Court to find the asserted claims not invalid as a matter of law since Wells Fargo's invalidity expert—ostensibly the only basis for its invalidity defense[1]—failed to provide evidence that the limitations in the asserted claims are disclosed by or rendered obvious by the alleged prior art. Because these theories are properly disclosed in Mr. Saffici's Appendix, the Court recommends that the motion be **DENIED**.

### I.     BACKGROUND

USAA brought suit against Wells Fargo alleging that Wells Fargo's Mobile Deposit system infringes several of USAA's patents. (Dkt. No. 1.) Wells Fargo, as one of its defenses, alleged that some of the asserted patents are invalid. (Dkt. No. 36 at 15.) Relevant to this motion, Wells Fargo alleged that dependent claims 6, 12, and 18 of the '136 Patent are invalid. To prove its contention

---

[1] USAA, in its motion, argued that Mr. Saffici provided the only basis for Wells Fargo's invalidity defense. (Dkt. No. 77 at 1.) Since Wells Fargo did not argue this point and the Court found that Mr. Saffici's report was enough on its own, it does not reach the issue of whether other bases exists for Wells Fargo's invalidity defense.

regarding the asserted claims, it relies on its invalidity expert, Mr. Saffici, who determined in his report that the asserted claims were disclosed by or rendered obvious by prior art. (Dkt. No. 77-2.)

USAA responded by filing this motion asking Court to find that as a matter of law Mr. Saffici's report fails to provide evidence that the additional claim limitations in the asserted claims are disclosed by the prior art. (Dkt. No. 77.) Wells Fargo disagrees and moved for leave to file an appendix to the report to help clarify that the at-issue limitations are properly disclosed in Mr. Saffici's report. (Dkt. No. 100.)

## II. APPLICABLE LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "'genuine'…if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant has the burden of showing no genuine issue of material fact. *Id*. at 256. Further, evidence must be construed in the light most favorable to the nonmovant. *Id*. at 261.

## III. MOTION FOR SUMMARY JUDGMENT

In its motion, USAA argues that the Court should find claims 6, 12, and 18 of the '136 Patent not invalid. (Dkt. No. 77 at 1.) In the briefing addressing the motion for leave to serve an appendix to Mr. Saffici's report, USAA does not persuasively rebut that Mr. Saffici's appendix provides a basis for a finding of invalidity of the asserted claims, but instead argues that the appendix should not be allowed. (*See* Dkt. No. 108 at 9–10.) This Court, in a separate order, found that Wells Fargo had demonstrated good cause to serve the appendix to Mr. Saffici's report; thus, it granted Wells Fargo's request to amend Mr. Saffici's original report.

2

The Court finds that the appendix presents a basis for a reasonable juror to find that the claim limitations in the asserted claims are disclosed by prior art.[2]

### IV. CONCLUSION

For the reasons set forth herein, the Court recommends that USAA's Motion for Summary Judgment that Claims 6, 12, and 18 of the '136 Patent are Not Invalid be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF **by noon on December 30, 2019**, under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 19th day of December, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[2] The appendix clearly provides a basis for a reasonable juror to find the claim limitations in the asserted art are disclosed by prior art. Further, this Court, in its order allowing the appendix, also found that Mr. Saffici's original report provided some basis for reaching the same conclusion.