# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal inter-insurance exchange, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:18-CV-366-JRG |
| v. | § § | **JURY TRIAL DEMANDED** |
| WELLS FARGO BANK, N.A., a national banking association, | § § § § | |
| Defendant. | § § | |

# UNITED SERVICES AUTOMOBILE ASSOCIATION'S BENCH MEMORANDUM REGARDING APPORTIONMENT OF DAMAGES IN LIGHT OF PRIOR ART

Under the law of apportionment, it is necessary "to value the entire scope of the asserted claims." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1317 (Fed. Cir. 2014), *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015). The exact argument presented by Wells Fargo in chambers has been expressly rejected by both the Federal Circuit and Judge Davis.

In *Apple v. Motorola*, the district court believed that the "dispositive element" in the claims at issue was a limitation: "'At this point in the litigation the dispositive element of the '949 patent is the use of a tap on the righthand side of the screen to switch to the next page of a Kindle book that has been loaded on the cell phone.'" 757 F.3d. at 1317. The Court then proceeded to require that the damages analysis of the expert focus on the value of this element. The Federal Circuit reversed:

> [T]he district court erred by not considering the full scope of infringement. At no point did the court ask or consider whether Napper had used reliable principles and methods, or sufficient data, to value the *entire scope* of the asserted claims. Consequently, the district court incorrectly focused on individual claim limitations in isolation when evaluating the reliability of Napper's methods.

*Id.* The Federal Circuit went out of its way to explain exactly why the district court's attempt to require apportionment based on the limitation that differed from the prior art was pernicious:

> This is why the proper inquiry evaluates the expert's methodology in view of the full scope of the infringed claims. *See* 35 U.S.C. § 284 ("[D]amages adequate to compensate *for the infringement* ... a reasonable royalty for the use made of *the invention* by the infringer.") (emphasis added); Gen. Motors Corp. v. Devex, 451 U.S. 645, 655; 103 S.ct. 2058, 76 L.Ed.2d 211 (1983) Congress expressly provided in § 284 that the court `shall award the claimant damages *adequate to compensate* for the infringement.'") (emphasis in original); Robert A. Matthews, Jr., *Annotated Patent Digest* § 30:6 (2014) ("All claim constructions define the bounds of what infringes, and therefore also define the bounds of what activity infringement damages are applicable to."). Thus, the proper question is not whether a comparison to the Trackpad accurately values one of the claimed finger gestures. Rather, we must ask, with the entire scope of the asserted claims and the correct claim construction in mind. . . .

*Id.* at 1318.

In *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, 2014 WL 2859578, at *2 (E.D. Tex. June 21, 2014) (J. Davis), this Court reached the identical conclusion. The defendant "argue[d] the royalty base should only include **products accused of infringing the 'inventive' aspects of the asserted patents.** Thus, it maintains that Professor Slottje's report properly excludes revenue associated with components alleged to infringe claimed elements that the patentee did not invent." *ThinkOptics*, 2014 WL 2859578, at *2 (emphasis added). Judge Davis found this argument to be "unsupported," and fully excluded defendant's damages expert who relied on this analysis. In so doing, the Court recognized that damages must "carefully tie proof of damages to the claimed invention's footprint in the market place," and thus "must include the value of all claimed elements." *Id.*

This argument is appearing for the first time now not because of a lack of attention during the limine and motion to strike process. But because it is a new idea that is unsupported by even Wells Fargo's own witnesses:

> Q. For the '681 and '605 patent, you analyzed all the elements in those claims, correct?
>
> A. Yes.
>
> Q. You don't opine that those elements for the '681 and '605 patents are routine or commonplace, correct?
>
> A. I don't believe I stated anything in that manner.

Saffici Depo., Case 2, Vol. 2, 28:12-19.

> Q. For the combination of claim elements that make up the claims of the '681 patent, you don't identify and can't identify any system or patent or process that establishes that those combinations of limitations together were routine or commonplace in 2006, correct?
>
> A. I don't believe I did.

*Id.*, at 30:17-24.

DATED: January 7, 2020  Respectfully submitted,

By: /s/            Robert C. Bunt

Jason Sheasby - *Pro Hac Vice*
Lead Attorney
Lisa Glasser – *Pro Hac Vice*
Anthony Rowles - *Pro Hac Vice*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Robert C. Bunt
TX Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687

**Attorneys for Plaintiff United Services Automobile Association (USAA)**

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2020 I caused a copy of the foregoing document to be served by electronic mail on Defendant's counsel of record.

*/s/ Benjamin Manzin-Monnin*
Benjamin Manzin-Monnin
