**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **UNITED SERVICES AUTOMOBILE ASSOCIATION,**<br><br>  Plaintiff,<br><br>  v.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>  Defendant. | Case No. 2:18-cv-366-JRG |

## WELLS FARGO'S TRIAL BRIEF REGARDING QUESTION TO DR. CONTE

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby files this Trial Brief regarding the question to Dr. Conte regarding whether the accused product anticipates under the 2017 filing date. *See* Trial Tr. at 495:22–505:9 (question and bench conference), 523:1–524:8 (further bench conference).

The question to Dr. Conte was timely objected to and Dr. Conte did not answer the question. Trial Tr. at 495:22–25. The objection was sustained in the presence of the jury. *Id.* at 505:7–9. The Court had previously instructed the jury: "If I should sustain an objection to a question addressed to a witness, then you must disregard the question entirely, and you may draw no inference from its wording or speculate about what the witness would have said if I had allowed them to answer the question." *Id.* at 143:21–25. Thus, there was no prejudice to USAA. And, per the Court's ruling, the subject was never again referenced with Dr. Conte.

Wells Fargo had a reasonable factual basis for asking the question. In its Invalidity Contentions, served January 18, 2019, Wells Fargo stated:

> Wells Fargo contends that USAA will be unable to demonstrate that the Asserted Claims are entitled to claim a priority date or effective filing date earlier than the actual filing date of the application that issued as that patent. . . . **Wells Fargo further reserves the right to use** related patents in the alleged chain of priority of the Asserted Patents, **its own Accused Products**, and additional references identified in co-pending Case No. 2:18-cv-245, **as prior art following the Court's determination of the priority date(s) of the Asserted Claims**.

Ex. A at 8.

In its Section 282 Notice, Wells Fargo clearly and unambiguously incorporated those invalidity contentions:

> Wells Fargo further incorporates by reference its invalidity contentions served January 18, 2019, and supplemental invalidity contentions served April 3, 2019. Wells Fargo reserves the right to rely on any patent, publication, other prior art reference, and invalidity theory disclosed therein at trial.

Ex. B at 1.

1

In a conference with USAA's counsel, USAA suggested that this defense was somehow abandoned in Wells Fargo's supplemental invalidity contentions. Not so: Wells Fargo's supplemental disclosures expressly stated that they were "additional disclosures" to the original January 18, 2019 contentions:

> In addition to the reservation of right and disclosures in Wells Fargo's January 18, 2018 Invalidity Contentions, Wells Fargo makes the following additional disclosures regarding the Newly Asserted Claims.

Ex. C at 1. Furthermore, the supplemental invalidity contentions were made in response to USAA's assertion of certain new claims, none of which are asserted at trial.[1] As such, the supplemental invalidity contentions are entirely irrelevant to this issue.

Given the lack of prejudice and the clear prior disclosure to USAA, Wells Fargo submits that there is no harm for the Court to address. Wells Fargo thus respectfully requests the Court deny USAA's request for further action regarding the question to Dr. Conte.

---

[1] *Compare* Ex. C at 1 (newly-asserted claims: '136 patent, claims 3–4, 9–10, 16–17; '605 patent, claims 8, 26; '681 patent, claims 27, 28) *with* Dkt. No. 226 (asserted claims for trial: '605 patent, claims 1, 3, 11–14, 22; '681 patent, claims 12–14, 20, 22, 30).

Respectfully submitted on January 8, 2019.

           By:   *Thomas M. Melsheimer*
Thomas M. Melsheimer
TX Bar No. 13922550
tmelsheimer@winston.com
Michael A. Bittner
TX Bar No. 24064905
mbittner@winston.com
J. Travis Underwood
TX Bar No. 24102587
tunderwood@winston.com
**Winston & Strawn LLP**
2121 North Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500 – Telephone
(214) 453-6400 – Facsimile

E. Danielle T. Williams
NC Bar No. 23283
dwilliams@winston.com
**Winston & Strawn LLP**
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
(704) 350-7700 – Telephone
(704) 350-7800 – Facsimile

Katherine Vidal
CA Bar No. 194971
kvidal@winston.com
Matthew R. McCullough
CA Bar No. 301330
mrmccullough@winston.com
**Winston & Strawn LLP**
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
(650) 858-6500 – Telephone
(650) 858-6550 – Facsimile

Jack Wesley Hill
TX Bar No. 24032294
wh@wsfirm.com
**Ward, Smith & Hill, PLLC**
P.O. Box 1231 1507 Bill Owens Parkway
Longview, Texas 75606-1231

3

(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Counsel for Defendant*
*Wells Fargo Bank, N.A.*

### CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service pursuant to Local Rule CV-5(a)(3)(A).

/s/ *Michael Bittner*
Michael Bittner