# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **UNITED SERVICES AUTOMOBILE ASSOCIATION,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>    **Defendant.** | **Case No. 2:18-cv-366-JRG** |

## DEFENDANT WELLS FARGO BANK N.A.'S SUPPLEMENT TO ITS INVALIDITY CONTENTIONS

Pursuant to Rule 3-6 of the Local Patent Rules of the Eastern District of Texas and paragraph 3(a)(ii) of the Court's Docket Control Order (Dkt. No. 33), Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") provides Plaintiff United Services Automobile Association ("Plaintiff" or "USAA") with supplemental Invalidity Contentions with respect to the additional claims USAA asserted against Wells Fargo in its March 4, 2019 and March 11, 2019 Amended Disclosures of Asserted Claims and Infringement Contentions, collectively being claims 3-4, 9-10, and 16-17 of U.S. Patent No. 9,224,136 (the "'136 Patent"); claims 8 and 26 of U.S. Patent No. 10,013,605 (the "'605 Patent"); and claims 27-28 of U.S. Patent No. 10,013,681 (the "'681 Patent") (collectively and respectively, the "Asserted Patents" and the "Newly Asserted Claims").

In addition to the reservation of right and disclosures in Wells Fargo's January 18, 2018 Invalidity Contentions, Wells Fargo makes the following additional disclosures regarding the Newly Asserted Claims.

### III. PRIOR ART CLAIM CHARTS

Pursuant to Patent Rule 3-3(c), the claim charts attached hereto as Exhibits A1-E79 identify specifically where each limitation of each claim is found in each prior art reference. Wells Fargo expressly reserves the right to supplement or amend these Invalidity Contentions pursuant to Patent Rule 3-6 after the Court's *Markman* ruling or if USAA is permitted to amend or alter its infringement contentions or its position on claim construction in any way. Further, to the extent that Wells Fargo applies USAA's constructions (and to the extent these constructions can be discerned), Wells Fargo does not concede in any way that those constructions are correct, and instead expressly reserves the right to oppose those constructions at the appropriate time specified in the Court's Docket Control Order.

In the Invalidity Charts, Wells Fargo has referred to relevant, representative portions of the cited prior art. The absence of any specific or express reference to any claim term or claim element in these charts should not be construed as an admission that any corresponding limitation is lacking either expressly or inherently in the prior art reference. There may be additional support or other grounds for Wells Fargo's Invalidity Contentions that such prior art satisfies a particular claim element, and Wells Fargo reserves the right to supplement these Invalidity Contentions with such information. For example, persons of ordinary skill in the art at the time of the filing of the Asserted Patents knew to read prior art references as a whole, and in the context of other publications and literature and the general knowledge in the field. Wells Fargo may rely on all such information, including uncited portions of the prior art references listed herein, and on other publications and expert testimony, to provide context and as aids to understanding and interpreting the listed references, or to establish that a person of ordinary skill in the art would have been motivated to modify or combine any of the cited references so as to render the claims obvious. Additionally, citations to a particular figure in a prior art reference encompass all text relating to the figure, and citations to text encompass all figures relating to or referred to by that text.

Moreover, many of the prior art systems and apparatuses were sold prior to the earliest asserted priority dates and documentation regarding these prior art systems is not in the possession, custody, or control of Wells Fargo. Instead, these documents are currently or will be the subject of third-party discovery, including the subpoenas identified in Section II.C of Wells Fargo's January 18, 2019 Invalidity Contentions. Wells Fargo expressly reserves the right to supplement its Invalidity Contentions to include further information obtained in discovery.

### IV. PRIOR ART UNDER 35 U.S.C. § 102 THAT ANTICIPATES THE NEWLY ASSERTED CLAIMS OF THE ASSERTED PATENTS

The prior art listed in Wells Fargo's January 18, 2019 Invalidity Contentions anticipates

the Newly Asserted Claims of the Asserted Patents either expressly or inherently as understood by a person having ordinary skill in the art. The specific anticipation assertions with respect to each Newly Asserted Claim are set forth in the accompanying claim charts, identified below:

| Exhibit No. | Chart | |
|---|---|---|
| C1-S | 136 Patent vs. | Acharya WO436 |
| C2-S | 136 Patent vs. | Ballard '137 |
| C5-S | 136 Patent vs. | Buchanan '106 |
| C6-S | 136 Patent vs. | Buchanan '516 App |
| C7-S | 136 Patent vs. | Byrne '935 |
| C8-S | 136 Patent vs. | Cahill '377 |
| C11-S | 136 Patent vs. | Cazalbou WO852 |
| C12-S | 136 Patent vs. | CheqIt Article |
| C13-S | 136 Patent vs. | Cowburn '983 |
| C16-S | 136 Patent vs. | Dutta '164 App |
| C17-S | 136 Patent vs. | Dutta '166 App |
| C27-S | 136 Patent vs. | Graham '218 App |
| C28-S | 136 Patent vs. | Gustin '193 App |
| C31-S | 136 Patent vs. | Heit '480 |
| C32-S | 136 Patent vs. | Heit '762 |
| C33-S | 136 Patent vs. | Heit '896 App |
| C34-S | 136 Patent vs. | Heit '975 |
| C43-S | 136 Patent vs. | Lange Presentation |
| C47-S | 136 Patent vs. | Lindemann '536 |
| C49-S | 136 Patent vs. | Messenger CA605 |
| C50-S | 136 Patent vs. | Millford '246 |
| C51-S | 136 Patent vs. | Nakamura JPH497 |

| Exhibit No. | Chart | |
|---|---|---|
| C53-S | 136 Patent vs. | Odom 884' |
| C59-S | 136 Patent vs. | Ramachandran '313 |
| C60-S | 136 Patent vs. | Ramachandran '389 App |
| C61-S | 136 Patent vs. | Ramachandran '716 App |
| C62-S | 136 Patent vs. | Reid '342 App |
| C63-S | 136 Patent vs. | Reid '665 App |
| C65-S | 136 Patent vs. | Singfield '046 App |
| C66-S | 136 Patent vs. | Slater EP410 |
| C67-S | 136 Patent vs. | Stinson '056 |
| C69-S | 136 Patent vs. | von Kapff Presentation |
| C72-S | 136 Patent vs. | Watanabe '171 |
| C73-S | 136 Patent vs. | Wells Fargo Desktop Deposit |
| C75-S | 136 Patent vs. | X9.37-2003 |
| C76-S | 136 Patent vs. | X9.100-140 |
| C77-S | 136 Patent vs. | X9.100-180 |
| | | |
| D81 | 605 Patent vs. | Previously Charted Prior Art |
| | | |
| E80 | 681 Patent vs. | Previously Charted Prior Art |

Wells Fargo has endeavored to identify the most relevant portions of identified references. The references may contain additional support, however, for a particular claim element. Wells Fargo may rely on uncited portions of the prior art references and/or other publications and fact or expert testimony to provide context and as aids to understanding and interpreting the portions that are cited. In instances of cumulative disclosure within a particular prior art reference, Wells Fargo

4

may have cited a subset of those instances as opposed to citing each instance, and Wells Fargo reserves the right to rely on uncited instances of cumulative disclosure. Where Wells Fargo cites to a particular figure in a reference, the citation should be understood to encompass the caption and description of the figure and any text relating to or discussing the figure. Conversely, where Wells Fargo cites to particular text referring to a figure, the citation should be understood to include the figure as well.

The references discussed in the claim charts may disclose the elements of the Asserted Claims explicitly and/or inherently, and/or they may be relied on to show the state of the art in the relevant time frame. The suggested obviousness combinations are provided in the alternative to Wells Fargo's anticipation contentions and are not to be construed to suggest that any reference included in any combination is not by itself anticipatory. Also, the suggested obviousness combinations are provided as examples, and it should be understood that other combinations of the prior art disclosed and cited herein could be used in such combinations.

## V. PRIOR ART UNDER 35 U.S.C. § 103 THAT RENDERS OBVIOUS THE NEWLY ASSERTED CLAIMS OF THE ASSERTED PATENTS

To the extent that the Newly Asserted Claims are not rendered invalid purely on anticipatory grounds or are not obvious in light of the general knowledge in the field and of one skilled in the art, the prior art references render obvious the Newly Asserted Claims as discussed in detail below or in the combinations suggested in previously Exhibit F. These combinations are not exclusive, and Wells Fargo reserves the right to supplement the obviousness arguments listed below, using any references listed in Section II of Wells Fargo's Invalidity Contentions and any references that may become known to the Wells Fargo during the course of discovery. Further, the suggested obviousness combinations are in addition to Wells Fargo's anticipation contentions

and are not to be construed to suggest that any reference included in the combinations is not anticipatory on its own.

## VII. <u>INVALIDITY UNDER 35 U.S.C. § 112(¶1/a)</u>

Pursuant to Patent Rule 3-3(d), Wells Fargo hereby identifies grounds of invalidity based on lack of written description and enablement under 35 U.S.C. § 112(¶1/a) (requiring "a written description of the [claimed] invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same."). Wells Fargo reserves the right to supplement or amend these contentions based on USAA's representations during the course of the litigation (including during claim construction) and following any claim construction rulings of the Court.

USAA has asserted in its Patent Rule 3-1(e) disclosures, for each Asserted Patent, that each Asserted Claim of the Asserted Patents is entitled to the filing date of the patent's earliest ancestor application as its priority date (hereinafter, "the Asserted Priority Application"). Wells Fargo denies that asserted entitlement but in view of such position of USAA in its Patent Rule 3-1(e) disclosure, that Asserted Priority Application is the application governing invalidity of the claims under Sec. 112(¶1/a), and therefore these Invalidity Contentions focus on the lack of support in the Asserted Priority Application for each claim.

Throughout these contentions, an assertion that an application did not "support" a claim or claim element means—unless otherwise noted—that the application did not provide as of the filing date sought:

    (a)    the required written description for the claim element and the claimed subject matter;

    (b)    the required written description for the full-scope of the claim element and the claim;

    (c)    the required enabling disclosure for the claim element and the claimed subject matter;

    (d)    the required enabling disclosure for the full-scope of the claim element and the claim;

    (e)    a description of the claimed "invention" understandable to a skilled artisan and showing that the applicant actually possessed such "invention";

    (f)    a description of the claimed "invention" that was express or necessarily present (inherent), complete, unambiguous, specific, and as broad as the claim; or

    (g)    a disclosure teaching a skilled artisan how, by following the steps set forth in the application, to make or carry out (use) the claimed "invention" without undue experimentation.

Throughout these contentions, an assertion that an application did not "support" an independent claim or language in an independent claim means—unless otherwise noted—that the application did not support that claim's asserted dependent claims either.

Each Newly Asserted Claim of the Asserted Patents is invalid (or alternatively not entitled to the benefit of an earlier filed date) for failure of the Asserted Priority Application (filed on October 31, 2006) to support the claim. For each Newly Asserted Claim, the Asserted Priority Application failed to support the claim and individual elements of the claim, as listed below.

As noted, USAA's selection of the October 31, 2006 applications as its "priority" applications makes those applications the governing applications for the written description and enablement invalidity defenses, notwithstanding their lack of support for the Newly Asserted

Claims. *Los Angeles Biomedical Research Inst. v. Eli Lilly and Co.*, 849 F.3d 1049, 1057 ("To satisfy the written description requirement, the disclosure in each application must 'reasonably convey[ ]' to those skilled in the art that as of the claimed priority date the inventor was in possession of the later claimed subject matter." (citing *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991))). Nevertheless, Wells Fargo also alleges that none of the applications leading to issuance of the Asserted Patents supported the Asserted Claims. For each Newly Asserted Claim, no application leading to the issuance of the Asserted Patents adequately supported the claim and individual elements of the claim, as listed below:

'605 Claim 1

- a processor of the portable device and the processor of the other computer

'605 Claim 26

- a third-party vendor computer

'681 Claim 27

- a third-party vendor computer

8

April 3, 2019                                        Respectfully submitted,

                                              By:   */s/ Thomas M. Melsheimer*
                                                    Thomas M. Melsheimer
                                                    TX Bar No. 13922550
                                                    tmelsheimer@winston.com
                                                    Michael A. Bittner
                                                    TX Bar No. 24064905
                                                    mbittner@winston.com
                                                    J. Travis Underwood
                                                    TX Bar No. 24102587
                                                    tunderwood@winston.com
                                                    **Winston & Strawn LLP**
                                                    2121 North Pearl Street, Suite 900
                                                    Dallas, TX 75201
                                                    (214) 453-6500 – Telephone
                                                    (214) 453-6400 – Facsimile

                                                    E. Danielle T. Williams
                                                    NC Bar No. 23283
                                                    dwilliams@winston.com
                                                    **Winston & Strawn LLP**
                                                    300 South Tryon Street, 16th Floor
                                                    Charlotte, NC 28202
                                                    (704) 350-7700 – Telephone
                                                    (704) 350-7800 – Facsimile

                                                    Matthew R. McCullough
                                                    CA Bar No. 301330
                                                    mrmccullough@winston.com
                                                    **Winston & Strawn LLP**
                                                    275 Middlefield Road, Suite 205
                                                    Menlo Park, CA 94025
                                                    (650) 858-6500 – Telephone
                                                    (650) 858-6550 – Facsimile

                                                    *Counsel for Defendant*
                                                    *Wells Fargo Bank, N.A.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 3, 2019, via electronic mail to all counsel of record for Plaintiff.

      */s/ Michael A. Bittner*
      Michael A. Bittner